**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF**
**IOWA CENTRAL DIVISION**

| | |
|---|---|
| MICHELLE CURRY,<br><br>          PLAINTIFF,<br><br>vs.<br><br>CAWLEY & BERGMANN, LLP,<br><br>          DEFENDANT. | **Civil Action No.**<br><br><br>**COMPLAINT and DEMAND**<br>**FOR JURY TRIAL** |

NOW COMES the Plaintiff, Michelle Curry ("Plaintiff" or "Curry") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Cawley & Bergmann, LLP (hereinafter "Defendant" or "Cawley & Bergmann"), alleges as follows:

## I.      INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.      JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

### III.   PARTIES

3. Plaintiff, Curry, is a natural person residing in Monroe County, Iowa.

4. Defendant, Cawley & Bergmann, is a business principally located in New Jersey who is engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

### IV.   FACTUAL ALLEGATIONS

7. At some point in time, the Plaintiff incurred a financial obligation a creditor, specifically FIA Card Services, NA/AmericanQtrHorse (account ending in 0874), that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3).

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection, when thereafter the Plaintiff began receiving collection communications from the Defendant in an attempt to collect this debt.

9. The Plaintiff's mother began receiving collection calls from the Defendant in January, 2014.

10. On or about January 14, 2014, a female representative of the Defendant contacted the Plaintiff's mother, Joan Jorgensen. Upon Ms. Jorgensen answering, the representative requested to speak with Michelle Curry. Ms. Jorgensen advised

that this was neither the phone nor the residence of Michelle. The representative requested the location and phone number of Curry so she may contact her. Ms. Jorgensen refused to provide her daughters information but agreed to give Curry the Defendant's phone contact number. The representative indicated Curry needed to call her back immediately or she would be in more trouble than she was already in.

11. Ms. Jorgensen immediately contacted Curry and advised of the communication.

12. At approximately 3:30 on January 14, 2014, Curry called back the number provided to Mr. Jorgensen and spoke with a female who identified herself as Ms. Roll. Ms. Roll indicated the Plaintiff owed a debt to Cavalry Portfolio on a FIA Card Services. Ms. Roll went on to state the Plaintiff needed to make immediate payment on the account that day. The Plaintiff advised she did not have the funds available to make an immediate payment. The Plaintiff requested the Defendant cease contacting her mother.

13. Ms. Roll advised the Plaintiff she must set up payment by providing her checking or debt card information and must pay $800 by the 31 of January. The Plaintiff initially refused to provide her checking or savings information over the phone as she was unfamiliar with the entity calling and requested the representative send something in writing identifying themselves and more information with regard to the debt. Ms. Roll repeatedly refused to send the Plaintiff written verification of the debt unless the Plaintiff agreed to provide her checking or debit card information. Ms. Roll further argued with the Plaintiff that she set up immediate payment or her account would be turned over to an attorney

for legal process and the Plaintiff could be put in jail. In a state of panic, the Plaintiff provided her debit card number to the Ms. Roll. However, the Plaintiff advised the account had a regular balance of about a dollar and if the Defendant attempted to withdraw funds they would be unsuccessful.

14. The Defendant continued to place calls to the Plaintiff's mother on January 29, 2014 at 5:31 pm and January 30, 2014 at 8:35 am and 11:49 am.

15. The Defendant continued to place collection calls to the Plaintiff. Representatives of the Defendant left a voice message on the Plaintiff's cell phone on January 29, 2014 wherein they failed to indicate the call was from a debt collector and any information obtained would be used for that purpose.

16. The calls placed by the Defendant's representatives were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. As a result of the Defendant's representative's collection calls, the Plaintiff felt embarrassment, humiliation, anxiety, nervousness, confusion, frustration, fear, loss of concentration at work, sense of helplessness, loss of sleep, anger, and a negative effect on family relationships.

18. The collection calls placed by the Defendant to the Plaintiff's place of employment, herself and her family were collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2); 1692b(3); 1692c(b), 1692d(2), 1692e(2)(A), 1692e(4); 1692e(5); 1692e(7); 1692e(10), 1692e(11), 1692f and 1692f(1), amongst others.

19. The collection calls placed by the Defendant to the Plaintiff's place of employment, herself and her family were collection communications in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa

4

Code §§ 537.7103(1)(e), 537.7103(1)(f), 537.7103(3)(a); 537.7103(4)(b), 537.7103(4)(c); and 537.7103(4)(e), amongst others.

### *Respondeat Superior Liability*

20. The acts and omissions of the Defendant and its representatives employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committee within the time and space limits of their agency relationship with their principal, Defendant.

21. The acts and omissions by Defendant and its representative were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

22. By committing these acts and omissions against the Plaintiff, the Defendant and its representatives were motivated to benefit their principal, Defendant.

23. The Defendant is therefore liable to the Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by the Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from the Plaintiff.

### V.      FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Cawley & Bergmann, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the

FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

## VI.    SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Cawley & Bergmann, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the IDCPA including, but not limited to, each and every one of the above-cited provisions of the IDCPA, Iowa Code § 537.7103 et seq.

29. As a result of each and every Defendant's violations of the IDCPA, Plaintiff is entitled to actual damages pursuant to § 537.5201(1)(y); statutory damages in an amount up to $1,000.00 pursuant to § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to § 537.5201(8) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

## COUNT II.
## VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT
### Iowa Code § 537.7103 et seq.

- For an award of actual damages pursuant to § 537.5201(1)(y)against the Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to § 537.5201(8) against the Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.


**VII.   SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)**

30. The Defendant's repeated improper communications with third parties, despite the Plaintiff's multiple requests that the Defendant cease contacting her parents, violated the Plaintiff's right to privacy.

31. The Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

32. The Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

33. The Plaintiff had a reasonable expectation of privacy in the Plaintiff's solitude, seclusion, and or private concerns or affairs.

34. These intrusions and invasions by the Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial.

**WHEREFORE,** the Plaintiff prays for judgment against Defendant in an amount representing full and fair compensation for the injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relied as may be just under the circumstances.

### VIII.  JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256

8

Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF